
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                         Plaintiff,<br>     vs.<br>BAXTER MATOS,<br><br>                         Defendant. | CASE NO. 11cv2747-LAB (WMC)<br><br>**ORDER OF REMAND** |

On June 24, 2011, Plaintiff FNMA filed an unlawful detainer action in the California Superior Court for the County of San Diego seeking less than $10,000 in relief. Defendant Matos filed a demurrer dated August 2 and asserting that Matos had been served on July 28. After that, on November 23, 2011, Matos filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1441(a) or (b) because, he argues, his demurrer raises federal questions.

The Court is obliged to examine its own jurisdiction, *sua sponte* if necessary, *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and to remand any removed action over which it lacks jurisdiction. 28 U.S.C. § 1447(c). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 556

1  U.S. 49, 129 S.Ct. 1262, 1272, 1278 (2009).  The complaint contains no federal claims;
2  here, the only "federal" questions are set forth in Matos' demurrer. But even these are not
3  actually federal questions; rather, he merely alleges he was not properly served as required
4  under California law, and disputes the date of service.

5  Matos has not identified any other source of federal jurisdiction. The complaint
6  identifies FNMA as a California corporation, (Complaint, ¶ 1), and Matos has not disputed
7  this.  The relationship between FNMA, the Plaintiff here, and the Congressionally-chartered
8  Federal National Mortgage Association is unclear. The California Secretary of State's
9  website contains no entry for a corporation called the Federal National Mortgage
10 Association.  But even assuming FNMA and the federally-chartered Federal National
11 Mortgage Association are one and the same, the burden falls on Matos, as the party
12 invoking the Court's jurisdiction, to show this.  *See Steel Co. v. Citizens for a Better*
13 *Environment*, 523 U.S. 83, 103–04 (1998) ("[T]he party invoking federal jurisdiction bears the
14 burden of establishing its existence.")  Furthermore, it is not clear that the participation of the
15 federally-chartered Federal National Mortgage Association as a party would give rise to
16 federal court jurisdiction  *See Fed'l Nat'l Mortg. Ass'n v. Sandoval*, 2011 WL 976708, slip op.
17 (E.D.Cal., March 16, 2011) (considering but rejecting federal subject matter jurisdiction over
18 removed unlawful detainer action, based on participation of Federal National Mortgage
19 Association as party); *Fed'l Nat'l Mortg. Ass'n v. Bahan*, 2011 WL 2936021, slip op. at *5
20 (E.D.Cal., July 18, 2011) (noting lack of controlling precedent on this issue).

21  Because the notice of removal does not show why this action was removable, it is
22 **REMANDED** to the court from which it was removed.

23  **IT IS SO ORDERED**.

24 DATED: November 29, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge